Case No. 2:22-cv-04450-MWF

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

TAMMY PHILLIPS and TAMMY R. PHILLIPS, A PROF. LAW CORP.,

*Appellants-Creditors*

v.

AMY L. GOLDMAN

*Appellee*

Appeal from the Decision of the U.S. Bankruptcy Court for the Central District of California, Case No. 2:22-ap-01014 VK (Underlying Case In re Kevan Gilman, 1:11-bk-11603 VK)

**NOTICE CONCERNING SEEMINGLY IMPROPER
COMMUNICATIONS BY COUNSEL
FOR APPELLEE GOLDMAN**

CHARLES Q. JAKOB
Cal. State Bar No. 166205
7144 Fair Oaks Blvd. Suite 3A
Carmichael, CA 95608
(916) 900-4244

Attorney for Appellants PHILLIPS & CORPORATION

## I. INTRODUCTION

Appellants PHILLIPS and CORPORATION have received a copy of an email (attached hereto as Exhibit 1) from attorney Maria L. Garcia of Lewis, Brisbois. Appellants suspect she has been directed to act by Attorney Wilks, who appeared at oral argument.

Although the email appears to be constructed to clear Rule of Professional Conduct 3.5 (generally prohibiting ex parte communications on the merits with the judge presiding over a matter), doing so does not establish the email does not violate other rules governing attorneys. Appellants address that possibility below and file this document to assure the email is made part of the docket.

## II. FACTS

Appellants elected to appeal to the *district court* in part because they believed the district court would have more experience with the subject matter of the appeal (the handling of a FRCP 12(b)(6) motion to dismiss a complaint). Nevertheless, a risk of such elections is that district courts generally act as *trial courts* operating under the Federal Rules of Civil Procedure (or Federal Rules of Criminal Procedure). The occasional bankruptcy appeal shakes up that routine by asking a district court to act as a *reviewing court* and use the Federal Rules of Bankruptcy Procedure ("FRBP"). Add in the press of other work and the

situation is ripe for an extemporaneous order that overlooks the distinct requirements of bankruptcy appeals.

On February 8, 2024, Appellants moved for an extension of time to move for rehearing or, alternatively, to permit an amended motion for rehearing. In their haste, their motion failed to include a proposed order. Appellants were chastised for the omission—fairly -- through the docket text order entered on February 9, 2024. See Dkt. No. 42.

The docket text order referred to a "motion for reconsideration." A motion for rehearing is a type of motion for "reconsideration" and there can be no reasonable dispute that the Court was referring to a motion for rehearing. The FRBPs, however, use the term "motion for rehearing" and set forth distinct procedural contours for such motions. See Fed. R. Bankr. P. 8022.

Appellants found the docket text order confusing, especially because the local rules referenced by that order seemed to be pre-empted and inapposite to the facts. With undersigned counsel still lacking access to his Westlaw account, it appeared the best approach to the quandary was to comply to the extent possible and explain Appellants' reasoning.

On February 16, 2024, Appellants lodged **a proposed order** on, and filed, a motion for **rehearing** (Doc. 43). The motion included an improvised notice that explained there is no such thing as a **hearing** on a motion for

3

rehearing and no automatic right to file a response. See Doc. 43 at 3. The notice also addressed the Local Rule 7.3. See id. This was a good faith attempt to comply with the docket-text order. Moreover, soon thereafter Appellants filed a further statement explaining their confusion with that order and clarifying that Appellants were not requesting oral argument on the motion for rehearing **or even** further oral argument on the underlying appeal. See Doc. 45.

On February 22, 2024, however, Appellants received a copy of an email from Appellee Goldman's counsel. See Exhibit 1. **The email concerns the merits of a pending motion**. It accuses Appellants of failing to comply with the docket text order. It asserts Appellants failed to file a motion "for *reconsideration*" and failed to "*set it for hearing*" pursuant to "Court Local Rules." Putting aside Attorney Garcia's fixation on terminology, it simply boggles the mind to hear her complain about a matter not being set for a hearing when the motion explained no appearing is permitted on the motion!

It appears evident that, while facially communicating with someone not a judicial officer, Appellee Goldman's attorneys were attempting to communicate with the Honorable Michael W. Fitzgerald indirectly or, perhaps, to secure serendipitous action from a courtroom deputy. Appellants find it disconcerting that opposing counsel would attempt to influence the Court through informal channels rather than file a motion to strike (with a

proposed order and notice showing compliance with local rules) that could be reviewed by the public.

Appellants also note that the email couches itself as an innocent procedural inquiry. See Exhibit 1. Assuming arguendo that attorneys are free to ask courts for procedural advice, Appellants submit that opposing counsel had no need to "inquire whether doc. 43 will be stricken." The docket text order already indicated the Court reserved the right to strike an amended motion for rehearing. Thus, it appears certain that the "inquiry" served some ulterior purpose—like an off-the record motion to strike or "suggestion" to that effect.

Appellants further submit that opposing counsel had no need to inquire "whether an opposition is necessary or permitted" because Appellants represented that they were filing a motion for rehearing under FRBP Section 8022. Not only does that rule explain that no response is permitted unless the court asks for one, Appellants' filings explained so much. See Doc. 43 at 3; Doc. 45. Again, the unusual email does not serve its asserted purpose. Therefore, it appears to have an ulterior purpose.

Appellants submit the email was not a bona fide procedural inquiry, but **a pretext** to do something the Lewis, Brisbois attorneys **knew** was prohibited by the controlling rule, i.e., communicate an opposition without being asked to do so. See Fed. R. Bankr. P. 8022(c). Appellants also submit that the email may have

5

violated ethical rules and provisions of the State Bar Act, such as those requiring candor towards the courts.

The motion for rehearing asserted the Lewis, Brisbois attorneys have been arguing about quasi-judicial immunity with full knowledge the defense is meritless under circuit precedent and the facts of the case. The email smacks of desperation but, sadly, these tactics seem to be par for the course.[1]

No judicial response to this notice is required.

DATE:   February 22, 2024

BY:  /s/ Charles Q. Jakob
CHARLES Q. JAKOB
Attorney for Appellants

---

[1] The Court is reminded that opposing counsel previously attempted to influence this Court by submitting a duplicative set of excerpts of record that included non-citable decisions.

The Court is also reminded that during oral argument opposing counsel asserted Appellants had not told the Judge Kaufman that her method of applying the four year statute of limitations was incorrect. The reporter's transcript, however, was plain. It showed Appellants cited a U.S. Supreme Court case ("Tibble") to explain why the lower court's tentative ruling was not correctly applying the four-year statute of limitations. It also showed a desperate Mr. Wilk arguing that Tibble was distinguishable because it was decided under ERISA.

**EXHIBIT 1**



Charles Jakob <charles.jakob@gmail.com>

**2:22-cv-04450-MWF**
1 message

**Garcia, Maria L.** <Maria.L.Garcia@lewisbrisbois.com>       Thu, Feb 22, 2024 at
To: Rita Sanchez <rita_sanchez@cacd.uscourts.gov>
Cc: "Wilk, Michael" <Michael.Wilk@lewisbrisbois.com>, Charles Jakob <charles.jakob@gmail.com>, "cqj2@cornell.edu" <cqj2@cornell.edu>

To the Courtroom Deputy:

On February 9, 2024, the court entered a docket text order striking Appellants' motions for rehearing (doc. 40 and 41), ordering that Appellants may file a motion for reconsideration no later than February 16, 2024 and warning Appellants any motion that does not comply with all of the Local Rules, including, but not limited to, that motion must be properly noticed for hearing, include a Local Rule 7-3 compliance statement, and include the required proposed Order, may be stricken. Appellants' filing on February 16, 2024 (doc. 43) did not comply with the Court's February 9, 2024 docket text among other things, by failing to file a motion for reconsideration and failing to set it for hearing pursuant to the Court Local Rules.

Accordingly, we write this email to inquire whether doc. 43 will be stricken by the Court or whether an opposition is necessary or permitted.

Very truly yours,



**Maria L. Garcia**
**Attorney**
**Maria.L.Garcia@lewisbrisbois.com**

**T: 213.599.7854 F: 213.250.7900**

633 W. 5th Street, Suite 4000, Los Angeles, CA 90071 | LewisBrisbois.com

**Representing clients from coast to coast. View our locations nationwide.**



This e-mail may contain or attach privileged, confidential or protected information intended only for the use of the intended recipient. are not the intended recipient, any review or use of it is strictly prohibited. If you have received this e-mail in error, you are required to the sender, then delete this email and any attachment from your computer and any of your electronic devices where the message is

**PROOF OF SERVICE OF DOCUMENT**

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 7144 Fair Oaks Blvd. Suite 3A Carmichael, CA  95608.  A true and correct copy of the foregoing document entitled (specify): **NOTICE CONCERNING SEEMINGLY IMPROPER COMMUNICATIONS WITH THE COURT BY COUNSEL FOR APPELLEE GOLDMAN** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):**  On February 23, 2024, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Michael Wilk          Michael.wilk@lewisbrisbois.com
Maria Garcia          Maria.L.Garcia@lewisbrisbois.com
Charles Q Jakob       charles.jakob@gmail.com

☐ Service information continued on attached page

**2.  SERVED BY U.S. MAIL:**
On   February 23, 2024, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Chambers of the Honorable Michael W. Fitzgerald, First Street Courthouse, 350 W. 1st Street, Courtroom 5A, Los Angeles, CA  90012

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (date) on February 23, 2024, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| February 23, 2024 | Charles Q. Jakob | /s/ Charles Q. Jakob |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California