CLOSED

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| IN RE: KEVAN HARRY GILMAN | CASE NO. CV 22-4450-MWF |
|---|---|
| | ORDER DENYING APPELLANTS' MOTION FOR REHEARING |

Before the Court is a motion for rehearing (the "Motion") filed on February 16, 2024, by Appellants Tammy Phillips and Tammy R. Phillips, a Prof. Law Corp. (Docket No. 43). Appellant requests reconsideration of this Court's Order dated January 25, 2024, affirming in part, reversing in part, and remanding the Bankruptcy Court's Order (the "Dismissal Order") granting the motion to dismiss Appellant's complaint in the Bankruptcy Court. ("January 25th Order" (Docket No. 38)).

Pursuant to Federal Rule of Bankruptcy Procedure 8022(a)(2), oral argument is not permitted on a motion for rehearing. Similarly, "[u]nless the district court . . . requests, no response to a motion for rehearing is permitted." Fed. R. Bankr. P. 8022(a)(3).

Having considered the Motion and for the reasons set forth below, the Motion is **DENIED**.

I.   **BACKGROUND**

The January 25th Order contains a complete and accurate recitation of the factual and procedural history underlying Appellants' Motion. This Order

1

incorporates by reference the background in the January 25th Order as set forth therein.

On February 17, 2022, Appellants filed a complaint (the "Complaint") against Appellee related to Appellants' alleged real property judgment liens attached to the Real Properties. Appellants alleged that Appellee breached her fiduciary duty by (1) allowing deterioration of the Real Properties; and (2) failing to collect rents she was obligated to collect.

On April 20, 2022, Appellee moved to dismiss the Complaint, arguing, among other things, that Appellants' claims were time-barred because they began to accrue when Appellants were put on notice of Appellee's intention not to administer estate assets by the Appellee's Chapter 7 Trustee's Report of No Distribution and again following Appellee's inaction in response to Appellants' 2016 letter informing Appellee that Debtor's wife had taken rent by leasing the Corbin Office.

On June 9, 2022, the Bankruptcy Court entered the Dismissal Order, granting the motion to dismiss and dismissing the Complaint with prejudice. The Dismissal Order ruled that (1) the claim for relief for breach of fiduciary duty was time-barred pursuant to California Code of Civil Procedure section 343; (2) Appellee has quasi-judicial immunity for any negligence with respect to her identified discretionary acts (and decisions to refrain from taking action); and (3) Appellants had not adequately pled in their Complaint that the Appellee committed acts of gross negligence. (Docket No. 12-1 at 202–03). Appellants appealed the Bankruptcy Court's decision. (Docket No. 1).

In its January 25th Order, the Court determined that the claim for relief for breach of fiduciary duty was not time-barred as a matter of law based on the Complaint, but that Appellee was entitled to quasi-judicial immunity. (Docket No. 38 at 17). The case was then remanded to determine whether amending the Complaint would be futile. (*Id.*).

## II. LEGAL STANDARD

Federal Rule of Bankruptcy Procedure 8022(a)(2) provides, "[t]he motion [for rehearing] must state with particularity each point of law or fact that the movant believes the district court . . . has overlooked or misapprehended and must argue in support of the motion."  "Petitions for rehearing are designed to ensure that the appellate court properly considered all relevant information in rendering its decision."  *In re Hessco Indus., Inc.*, 295 B.R. 372, 375 (B.A.P. 9th Cir. 2003) (citing *Armster v. U.S. District Court, C.D. Cal.*, 806 F.2d 1347, 1356 (9th Cir. 1986)).

## III. DISCUSSION

The Motion argues that (1) no amendment is necessary because the Complaint properly alleges gross negligence, (Motion at 4); (2) the Bankruptcy Court's determination of quasi-judicial immunity was incorrect, (Motion at 4–8); and (3) the Appellants' motion to transfer (Docket No. 36) was unopposed and therefore the Court should provide for remand to another division.  (Motion at 10).

The Motion is denied for these reasons:

***First***, the Court did not overlook or misapprehend the Complaint in determining that Appellants had not ***adequately*** pled "a want of even scant care or an extreme departure from the ordinary standard of conduct," which amounts to gross negligence.  *City of Santa Barbara*, 41 Cal. 4th at 754 (internal quotations omitted).

***Second***, "[a] petition for rehearing is not a means by which to reargue a party's case."  *In re Hessco Indus., Inc.* (citing *Anderson v. Knox*, 300 F.2d 296, 297 (9th Cir. 1962)).  Appellants are attempting to reargue that the Bankruptcy Court's determination of quasi-judicial immunity was incorrect.

3

***Third***, in regard to Appellants' motion to transfer (Docket No. 36) that was filed on October 31, 2023, the same day as the hearing on the appeal, the Court made it clear at the hearing that it would only require Appellee to respond to that motion if the Court was considering granting the motion – which the Court was not inclined to do.  When the Court ordered a remand in its January 25th Order, the Court was clearly denying the motion to transfer.

It is true that, in rare circumstances, the district court is "permitted under 28 U.S.C. § 2106 to reassign cases on remand." *Folex Golf Indus., Inc. v. O-TA Precision Indus. Co.*, 700 F. App'x 738, 739 (9th Cir. 2017) (quoting *United Nat'l Ins. Co. v. R & D Latex Corp.*, 242 F.3d 1102, 1118 (9th Cir. 2001)).  In deciding whether reassignment is appropriate, a court makes two inquiries.  The first is whether the lower court has "exhibited personal bias requiring recusal from a case." *United Nat. Ins. Co. v. R&D Latex Corp.*, 242 F.3d 1102, 1118 (9th Cir. 2001) (citing *United States v. Sears, Roebuck & Co.*, 785 F.2d 777, 779–80 (9th Cir.1986)).  There is no suggestion whatsoever of personal bias here.

Absent a showing of personal bias, the second inquiry is whether "unusual circumstances" warrant reassignment.  *Id.* (quoting *Sears, Roebuck & Co.*, 785 F.2d 777 at 780).  The factors for determining "unusual circumstances" include the following:

> (1) whether the original judge would reasonably be expected upon remand to have substantial difficulty in putting out of his or her mind previously expressed views or findings determined to be erroneous or based on evidence that must be rejected, (2) whether reassignment is advisable to preserve the appearance of justice, and (3) whether reassignment would entail waste and duplication out of proportion to any gain in preserving the appearance of fairness.

*R&D Latex Corp.*, 242 F.3d 1118–19.

///

Appellants argue that reassignment is advisable to preserve the appearance of justice. (Motion to Transfer at 7–9). Here, this Court saw no unusual circumstances whatsoever in the record. Not one of the factors is even suggested, let alone demonstrated. Therefore, the Court denied the transfer motion.

Accordingly, the Motion is **DENIED**.

IT IS SO ORDERED.

DATED: March 6, 2024.

MICHAEL W. FITZGERALD
United States District Judge

CC: Bankruptcy Court

5