Case No. 2:22-cv-04450-MWF

_____

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

_____

TAMMY R. PHILLIPS and TAMMY R. PHILLIPS, A PROF. LAW CORP.,

*Appellants*

v.

AMY L. GOLDMAN

*Appellee*

_____

Appeal from the Decision of the U.S. Bankruptcy Court for the
Central District of California, Case No. 1:22-ap-01014 VK
(Underlying Case <u>In re Gilman</u>, 1:11-bk-11603, Chapter 7)

_____

# NOTICE OF APPEAL TO THE
# UNITED STATES COURT OF APPEAL
# FOR THE NINTH CIRCUIT

CHARLES Q. JAKOB
Cal. State Bar No. 166205
7144 Fair Oaks Blvd. Suite 3A
Carmichael, CA 95608
(916) 900-4244
charles.jakob@gmail.com; cqj2@cornell.edu

Attorney for Appellants PHILLIPS & CORPORATION

Tammy R. Phillips (PHILLIPS) and Tammy R. Phillips, a Professional Law

Corporation (CORPORATION), plaintiffs in an adversary proceeding, hereby

appeal to the United States Court of Appeals for the Ninth Circuit.

The appeal is taken from the "**Order Re:  Appeal from Decision of the**

**United States Bankruptcy Court**" (Doc. No. 38) filed by the United States

District Court for the Central District of California (Michael W. Fitzgerald, J.) on

January 25, 2024 and from that Court's subsequent "**Order Denying Appellants'**

**Motion for Rehearing**" filed March 6, 2024 (Doc. No. 47).   The orders affirm in

part and reverse in part the Order of the U.S. Bankruptcy Court for the Central

District of California (Kaufman, J.), filed June 9, 2022 in Phillips v. Goldman,

Case No. 1:22-ap-01014 VK (Bankr. C.D. Cal.).  The lower court order dismissed

without leave to amend the appellants' complaint in an adversary proceeding

alleging breach of fiduciary duty.

The parties to the appealed orders (attached) and the names of their

respective attorneys, are as follows:

**Appellants:**          **Tammy R. Phillips and Tammy R. Phillips, a Prof. Law
                  Corporation,** represented by:

                  Charles Q. Jakob, Attorney at Law
                  7144 Fair Oaks Blvd. Suite 3A
                  Carmichael, California 95608
                  Tel:  916-900-4244
                  Email:  charles.jakob@gmail.com

1

**Appellee:**        **Amy L. Goldman**, represented by:

Lewis, Brisbois, Bisgaard & Smith LLP
Michael B. Wilk (Email:  Michael.Wilk@lewisbrisbois.com
Maria L. Garcia (Email:   Maria.L.Garcia@lewisbrisbois.com
633 W. Fifth Street, Suite 4000
Los Angeles, CA  90071
Tel: (213) 250-1800


DATE:        April 4, 2024

BY:  <u>/s/ Charles Q. Jakob</u>
CHARLES Q. JAKOB
Attorney for Appellants

2

**EXHIBIT    1**

JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| IN RE: KEVAN HARRY GILMAN | CASE NO. CV 22-4450-MWF |
| | ORDER RE: APPEAL FROM DECISION OF THE UNITED STATES BANKRUPTCY COURT |

Before the Court is an appeal from the United States Bankruptcy Court (the Honorable Victoria S. Kaufman, United States Bankruptcy Judge). Appellants Tammy Phillips and Tammy R. Phillips, a Prof. Law Corp. appeal the Bankruptcy Court's Order Granting Defendant's Motion to Dismiss Complaint ("Dismissal Order").

Appellants submitted their Opening Brief ("OB") on November 7, 2022. (Docket No. 15). On January 30, 2023, Appellee Amy L. Goldman, Chapter 7 Trustee, submitted her Response Brief ("RB"). (Docket No. 28). On February 4, 2023, Appellants submitted their Reply Brief ("Reply"). (Docket No. 29). The Court has read and considered the papers filed in this appeal and held a hearing on October 31, 2023.

For the reasons discussed below, the Dismissal Order is **AFFIRMED *in part,* REVERSED *in part,* and REMANDED**. Although Appellants' claim for relief for breach of fiduciary duty is not time-barred, Appellee is entitled to quasi-judicial immunity. The case is remanded to determine whether amending the Complaint would be futile.

1

# I.  **BACKGROUND**

Appellants obtained attorney fee awards against Kevin Harry Gilman as the result of meritless claims brought by Mr. Gilman in 2003–04 and subsequent costs related to appeals and Mr. Gilman's resistance to judgment enforcement.  (OB at 4–5).

On February 7, 2011, Mr. Gilman ("Debtor") filed a voluntary petition under Chapter 7 of the Bankruptcy Code commencing the underlying bankruptcy case. Thereafter, Appellee was appointed as Chapter 7 trustee of the bankruptcy estate. On June 21, 2011, Appellee filed the Chapter 7 Trustee's Report of No Distribution ("Initial RND"), which provided as follows:

> I have made a diligent inquiry into the financial affairs of the debtor(s) and the location of the property belonging to the estate; and that there is no property available for distribution from the estate over and above that exempted by law. Pursuant to Fed R Bank P 5009, I hereby certify that the estate of the above-named debtor(s) has been fully administered. I request that I be discharged from any further duties as trustee. Key information about this case as reported in schedules filed by the debtor(s) or otherwise found in the case record: This case was pending for 4 months. Assets Abandoned (without deducting any secured claims): $ 598000.00, Assets Exempt: $ 139950.00, Claims Scheduled: $ 654359.48, Claims Asserted: Not Applicable, Claims scheduled to be discharged without payment (without deducting the value of collateral or debts excepted from discharge): $ 654359.48.

(AA at 51).  However, as a result of continued litigation between Debtor and Appellants, including multiple appeals, the Bankruptcy Case was never closed.  In

2

particular, Appellants objected to Debtor's claimed exemptions, including a homestead exemption on the Debtor's home on Varna Avenue in Valley Glen (the "Varna Residence"). Litigation related to this particular issue was ongoing at the time the Dismissal Order was entered. (RB at 7).

On November 26, 2020, Appellants filed a motion to direct Appellee to administer the estate trust, or in the alternative, to remove Appellee as Trustee. However, Appellants abandoned this motion and it did not go forward.

On January 25, 2021, Appellee withdrew the Initial RND.

On May 13, 2021, after receipt of notice that Debtor had died, Appellee filed a notice of intent to abandon the Varna Residence and Debtor's office on Corbin Avenue (the "Corbin Office") (together, the "Real Properties"). As stated in the abandonment notice, after taking into account their current market values and the mortgages, prepetition judgment liens, tax liens and other liens against each property, there was no realizable equity in either property; "the amount of secured debts, estimated costs of sale, potential tax consequences and estimated administrative fees exceed the anticipated value of the properties." (RB at 8).

On July 27, 2021, after full briefing and a hearing, the Bankruptcy Court entered an order authorizing Appellee to abandon the Real Properties, finding the Real Properties were burdensome to the estate and of inconsequential value and benefit. Appellants did not appeal this order.

On August 5, 2021, Appellee filed her second Chapter 7 Trustee's Report of No Distribution ("Second RND"). On September 3, 2021, Appellants filed an objection and declaration in support of the objection.

On February 17, 2022, Appellants filed a complaint (the "Complaint") against Appellee related to Appellants' alleged real property judgment liens attached to the Real Properties. Appellants alleged that Appellee breached her fiduciary duty by (1) allowing deterioration of the Real Properties; and (2) failing to collect rents she was obligated to collect. The first claim for relief alleged that the Varna Property in

3

1  particular would have increased in value to a greater extent if Appellee had not
2  breached her duty to protect it from deterioration.  The second claim for relief
3  asserted that Appellee failed to demand that Debtor turnover the rents collected on
4  both properties, including rents collected on the Corbin Office beginning in July
5  2020.  (OB at 13–14).

6       Among other things, the Complaint includes an allegation that in a letter dated
7  January 12, 2016, Appellants informed Appellee that Appellants had learned that
8  Debtor's wife had taken rent by leasing the Corbin Office, and informed her of other
9  alleged issues, yet Appellee did nothing to collect the rents.  (AE at 80, Complaint ¶
10  23).

11       On April 20, 2022, Appellee moved to dismiss the Complaint, arguing,
12  among other things, that Appellants' claims were time-barred because they began to
13  accrue when Appellants were put on notice of Appellee's intention not to administer
14  estate assets by the Initial RND and again following Appellee's inaction in response
15  to Appellants' 2016 letter informing Appellee that Debtor's wife had taken rent by
16  leasing the Corbin Office.

17       On June 1, 2022, the Bankruptcy Court issued a tentative ruling on the
18  Motion to Dismiss and held a hearing.

19       On June 9, 2022, the Bankruptcy Court entered the Dismissal Order, granting
20  the motion to dismiss and dismissing the Complaint with prejudice.  (AE at 202–
21  03).  The Dismissal Order stated that "this Court's findings of fact and conclusions
22  of law set forth on the record . . . including that Plaintiffs' causes of actions for
23  breach of fiduciary duty are time-barred pursuant to Cal. Code of Civil Procedure §
24  343." (*Id.*).

25       The tentative opinion, which was discussed at the hearing and incorporated
26  into the record, provided the Bankruptcy Court's reasoning:
27  ///
28  ///

4

Pursuant to California Code of Civil Procedure § 343, plaintiffs' cause of action for breach of fiduciary duty is time-barred.

In addition, the chapter 7 trustee has quasi-judicial immunity for any negligence with respect to her identified discretionary acts (and decisions to refrain from taking action), and the plaintiffs have not adequately plead in their complaint that the chapter 7 trustee committed acts of gross negligence.

On February 17, 2022, the plaintiffs filed the Complaint for Breach of Fiduciary Duty ("Complaint") against the chapter 7 trustee. As set forth in the Complaint, more than four years before filing the Complaint, the plaintiffs had notice of the chapter 7 trustee's report of no distribution. That report: (1) stated that the chapter 7 trustee had "made a diligent inquiry into the financial affairs of the debtor(s) and the location of property belonging to the estate" and that "there is no property available for distribution from the estate over and above that exempted at law;" (2) certified, pursuant to Fed. R. Bankr. P. 5009, that the estate had been fully administered; and (3) requested that the chapter 7 trustee be discharged from any further duties as trustee.

As also stated in the Complaint, on January 12, 2016, the plaintiffs sent the chapter 7 trustee a letter "reminding" her that the debtor's claim to an enhanced homestead exemption, based on disability, was rejected, that the debtor "had stolen funds from the bankruptcy estate" and that the debtor and his wife were renting real property of the estate.

5

1  Although the chapter 7 trustee took no action in response to that
2  letter from the plaintiffs, or the notice provided by the Court in
3  November 2016 that the debtor was denied a discharge, the
4  plaintiffs did not file the Complaint until more than four years after
5  sending their January 12, 2016 letter to the chapter 7 trustee.

6  (AE at 200–01).

## II.     <u>STANDARD OF REVIEW</u>

A bankruptcy court's conclusions of law are reviewed de novo, and findings of fact are reviewed for clear error. *Zurich Am. Ins. Co. v. Int'l Fibercom, Inc.*, 503 F.3d 933, 940 (9th Cir. 2007). This Court reviews de novo the Bankruptcy Court's order dismissing a complaint under Rule 12(b)(6). *Towers v. Boyd (In re Boyd)*, 243 B.R. 756, 759 (N.D. Cal. 2000) (*citing Borough v. Rogstad*, 126 F.3d 1224, 1228 (9th Cir. 1997)). The denial of leave to amend is reviewed for abuse of discretion. *AE v. County of Tulare*, 666 F.3d 631, 636 (9th Cir. 2012) (*citing Telesaurus VPC, LLC v. Power*, 623 F.3d 998, 1003 (9th Cir. 2010)); *see also Rund v. Bank of Am. Corp. (In re EPD Inv. Co., LLC)*, 523 B.R. 680, 684 (9th Cir. BAP 2015) (*citing Ditto v. McCurdy*, 510 F.3d 1070, 1079 (9th Cir. 2007)). A bankruptcy court abuses its discretion if it applies the wrong legal standard or if its factual findings are illogical, implausible, or without support from evidence in the record. *Id.* (*citing TrafficSchool.com, Inc. v. Edriver Inc.*, 653 F.3d 820, 832 (9th Cir. 2011)). However, where there is a denial of leave to amend because of futility of amendment, such a denial will be upheld if it is clear, upon de novo review, that the complaint would not be saved by any amendment. *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 893 (9th Cir. 2010) (*citing Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008)).

///

///

6

### III.  <u>LEGAL STANDARD</u>

Under Rule 12(b)(6), a bankruptcy court may dismiss a complaint if it fails to state a claim upon which relief can be granted.

To survive a Rule 12(b)(6) motion to dismiss, the complaint must contain sufficient facts which, if accepted as true, will state a claim to relief that is plausible on its face. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937 (2009) (*citing Twombly*, 550 U.S. at 570). "Dismissal under Rule 12(b)(6) is proper when the complaint either (1) lacks a cognizable legal theory or (2) fails to allege sufficient facts to support a cognizable legal theory." *Somers v. Apple, Inc.*, 729 F.3d 953, 959 (9th Cir. 2013). "To survive a motion to dismiss, a complaint must contain sufficient factual matter . . . to 'state a claim for relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). The bankruptcy court must disregard allegations that are legal conclusions, even when disguised as facts. *See id.* at 681 ("It is the conclusory nature of respondent's allegations, rather than their extravagantly fanciful nature, that disentitles them to the presumption of truth."); *Eclectic Props. E., LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 996 (9th Cir. 2014). "Although 'a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof is improbable,' plaintiffs must include sufficient 'factual enhancement' to cross 'the line between possibility and plausibility.'" *Eclectic Props.*, 751 F.3d at 995 (quoting *Twombly*, 550 U.S. at 556–57) (internal citations omitted).

The bankruptcy court must then determine whether, based on the allegations that remain and all reasonable inferences that may be drawn therefrom, the complaint alleges a plausible claim for relief. *See Iqbal*, 556 U.S. at 679; *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1054 (9th Cir. 2011). "Determining whether a complaint states a plausible claim for relief is 'a context-specific task that requires the reviewing court to draw on its judicial experience and

1  common sense.'" *Ebner v. Fresh, Inc.*, 838 F.3d 958, 963 (9th Cir. 2016) (quoting

2  *Iqbal*, 556 U.S. at 679).

3

4  **IV.    DISCUSSION**

5      **A.    Statute of Limitations**

6        The statute of limitations is an affirmative defense, Fed. R .Civ. P. 8(c), and

7  complaints do not ordinarily need to allege the non-availability of affirmative

8  defenses.  *United States v. Northern Trust Co.,* 372 F.3d 886, 888 (7th Cir. 2004).

9  "A claim may be dismissed under Rule 12(b)(6) on the ground that it is barred by

10  the applicable statute of limitations only when 'the running of the statute is apparent

11  on the face of the complaint." *Von Saher v. Norton Simon Museum of Art at*

12  *Pasadena*, 592 F.3d 954, 969 (9th Cir. 2010) (*quoting Huynli v. Chase Manhattan*

13  *Bank*, 465 F.3d 992, 997 (9th Cir.2006)).  The general rule is that a statute of

14  limitation begins to run when a claim accrues; accrual does not occur until all

15  elements of the claim—wrongdoing, harm, and causation—have come into

16  existence.  *Aryeh v. Canon Business Solutions, Inc.*, 55 Cal. 4th 1185, 1191, 151

17  Cal. Rptr. 3d 827 (2013).

18        The general rule is subject to a "discovery rule" which "postpones accrual of

19  a cause of action until the plaintiff discovers, or has reason to discover, the cause of

20  action." *Id.* at 1192.  California also recognizes a "continuous accrual" exception

21  where "a series of wrongs or injuries may be viewed as each triggering its own

22  limitations period, such that a suit for relief may be partially time-barred as to older

23  events but timely as to those within the applicable limitations period." *Id.*

24  California imposes a four-year statute of limitations for breach of fiduciary duty.

25  Cal. Code Civ. Proc. § 343.

26        Appellants argue the bankruptcy court erred in applying the statute of

27  limitations to both of their breach of fiduciary duty claims.  (OB at 38).  With

28  respect to the second claim, Appellants argue that the bankruptcy court erred

because Appellee was under a continuing duty to collect rental payments made for use of estate property. Appellants contend the claim could therefore reach back to Appellee's failure to seek recovery of any rents paid to the Debtor on or after February 17, 2018 (four years before the Complaint was filed) based on the continuous accrual doctrine. (*Id.* at 39). With respect to the first claim for relief, Appellants argue there is nothing in the Complaint to suggest Appellants perceived their injury due to deterioration of the Varna Residence until at least the spring of 2019 when Appellants saw Debtor's reference to "deferred maintenance" and thus their claim is not time barred based on the discovery rule. (*Id.*).

Appellee argues the Bankruptcy Court was correct to apply the statute of limitations because Appellants' claims accrued on the date they were put on notice that she did neither intended to administer the Real Properties nor take action as to their management – namely, on June 21, 201,1 via the Initial RND. (RB at 18). Appellee also argues that Appellants waived their continuous accrual argument by failing to raise it with the Bankruptcy Court. (RB at 22). Alternatively, Appellee argues the Bankruptcy Court was also correct in finding that Appellants knew no later than 2016 that she neither intended to administer the Real Properties nor the rents in light of Appellants' letter to her sent on January 12, 2016, reminding Appellee that Debtor and his wife were renting real property of the estate. (*Id.* at 18–19).

### 1. Waiver of continuous accrual argument

Appellants raise the issue of continuous accrual on appeal to this Court. (OB at 37; RB at 22). Appellee contends that because Appellants did not raise this issue in the Bankruptcy Court, Appellants have waived this argument and should be prevented from presenting this novel issue to this Court. (RB at 22). Appellee is correct that "[g]enerally, a party must present his contention to the district [here, bankruptcy] court to preserve it for appeal." *Vincent v. Trend Western Tech. Corp.*, 828 F.2d 563, 570 (9th Cir. 1987). However, this is not an absolute rule and is

1  ultimately a question left to the discretion of the appellate court.  *See Los Angeles*
2  *News Serv. v. Reuters Television Int'l*, 149 F.3d 987, 996 (9th Cir. 1998), *cert.*
3  *denied*, 525 U.S. 1141(1999).

4      Here, while Appellants did not fully flesh out the arguments of continuous
5  accrual, they did raise the argument at least somewhat during the hearing before the
6  Bankruptcy Court on the Appellee's motion to dismiss.  (AE at 181) ("The problem
7  with the tentative ruling, going down it in order: The first paragraph says that the
8  fiduciary of the cause of action is time-barred. There are actually two causes of
9  action there. And you can't have anything time-barred without an appreciable injury
10 and awareness of it." (cleaned up)); (AE 186) ("You can have a series of acts, series
11 of separate breaches of fiduciary duty period of time. If one of them is within the
12 statutory time period, then it's actionable. And [in] spite of that, . . . [the *Tibble*]
13 decision describes the fact . . . that fiduciary duties, or at least the ones that they
14 were examining there, are continuing in nature.").

15     Because Appellants did raise the issue, at least implicitly, this Court will
16 reach the merits of the argument.

17     **2. Continuous Accrual Doctrine Applies to Appellants' Claim Arising**
18         **from Alleged Failure to Recover Rents**

19     Appellants contend the second claim for relief based on the Trustee's failure
20 to seek recovery of any rents paid to the Debtor reaches back to on or after February
21 17, 2018 (four years prior of their filing of the Complaint) based on the continuous
22 accrual doctrine.  (*Id.* at 39).  Appellee argues that the continuous accrual doctrine
23 does not apply because:  (1) federal law governs accrual for this claim; (2)
24 Appellants reliance on *Tibble* is misplaced; (3) damages arose (and began tolling at
25 latest at Appellants' 2016 letter to the trustee (the "2016 Letter")); and (4)
26 Appellants are also barred by the doctrine of laches.  (RB at 23–27).

27     First, Appellants' claim arises under a breach of California law, not federal
28 law.  The Bankruptcy Court itself already determined that Appellants' claims arise

under state law even though the claim for relief was against a Chapter 7 trustee. (*See* Appellants' Supp. Excerpts of Record (Docket 16); AE 191:12-17). While Appellee does not identify the federal law under which she contends the claim arises, Appellants are correct that there is no federal common law claim for breach of fiduciary duties against a bankruptcy trustee. *See In re Kenneth C. Casey, Inc.*, No. AP 21-1070 TBM, 2022 WL 2198882 at 10–11 (Bankr. D. Colo. June 17, 2022); *see also Erie Ry. Co. v. Tompkins*, 304 U.S. 64, 78 (1938).

Second, Appellants' reliance on *Tibble v. Edison Int'l*, 575 U.S. 523, 530, 135 S. Ct. 1823, 191 L. Ed. 2d 795 (2015) is not misplaced and their argument relying on additional authority is well taken. The Supreme Court in *Tibble* did examine a trustee's fiduciary relationship in the ERISA context; however, it did not make its determination solely based on statutory interpretation. *Id.* at 528. The Court looked at the breach in the context of the "nature of the fiduciary duty" and "trust-law principles." *Id.* (ruling "the Ninth Circuit erred by applying a statutory bar to a claim of a "breach or violation" of a fiduciary duty without considering the nature of the fiduciary duty"). *Tibble* is applicable to understanding the fiduciary duty given that it involved a question of the trustee's continuing obligation to monitor the investment portfolio. *Id.* at 529. Further, Appellants cite additional case law which applies the *Tibble* analysis to other fiduciary contexts beyond ERISA. (OB at 21); *see also Aryeh v. Canon Business Solutions, Inc.*, 55 Cal. 4th 1185, 1196, 151 Cal. Rptr. 3d 827 (2015) (applying continuous accrual doctrine in Unfair Competition Law context and noting that "the nature of the right sued upon and the circumstances attending its invocation control the point of accrual.") (internal quotations omitted); *see also Nishiuchi v. Ting*, No. G049903, 2015 WL 3542354, at *6–7 (Cal. Ct. App. June 5, 2015) (applying continuous accrual doctrine in the context of fiduciary breach in a limited partnership).

Third, Appellee's argument that damages began tolling at the latest with Appellants' 2016 Letter is contrary to the case law and the facts of the case.

11

Appellants allege that the Appellee was under a continuous duty to collect rental payments for use of estate property. (OB at 39). Appellee contends that the Appellants were put on notice that she did not intend to administer the Real Properties when she filed the Initial RND in 2011. However, Appellee cites no authority for this proposition and does not explain how Appellants could be on notice of a breach of fiduciary duty based on an unapproved RND alone. A trustee does not end its fiduciary obligation without approval of an RND. *See In re Reed*, 940 F.2d 1317, 1323 (9th Cir. 1991) (finding trustees cannot abandon assets absent court approval); *U.S. ex rel. Willoughby v. Howard*, 302 U.S. 445, 450 (1938) ("[E]very trustee . . . has the duty of exercising reasonable care in the custody of the fiduciary estate unless relieved of such duty by agreement, statute, or order of court."). The 2011 RND therefore only gave notice that Appellee would stop administering the estate once she was excused by the court, an excusal which never came to pass.

Appellee then contends that at latest, the claim accrued in 2016 because Appellants sent the 2016 Letter to her, which shows they knew Appellee did not intend to administer the rent the Debtor's wife was collecting on the Real Properties and Appellants believed this failure to be a breach of fiduciary duty. (RB at 19). Appellants cite compelling, albeit not entirely analogous, case law to support their argument that the doctrine of continuous accrual applies to the set of facts before the Court. *See Tsemetzin v. Coast Fed. Sav. & Loan Assn.*, 57 Cal. App. 4th 1334, 1344, 67 Cal. Rptr. 2d 726 (1997) (applying the doctrine of continuous accrual where a lessee failed to pay the full rental payment due because "statute begins to run on such severable obligations from the time performance of *each* is due.") (emphasis in original); *see also Aryeh*, 55 Cal. 4th at 1196 (applying continuous accrual doctrine in Unfair Competition Law context); *see also Nishiuchi*, 2015 WL 3542354, at *6–*7 (applying continuous accrual doctrine in the context of fiduciary breach in a limited partnership).

12

Appellee cites *Genisman v. Hopkins Carley*, 29 Cal. App. 5th 45, 239 Cal. Rptr. 3d 780 (2018) for the proposition that a claim accrues at the point of injury in a breach of fiduciary duty claim. In *Genisman*, a plaintiff's claim against an attorney for alleged violation of fiduciary duty was barred by the statute of limitation on the basis that the plaintiff's injury accrued when he learned of the mistake and incurred litigation costs defending a suit arising from the disputed conduct. *Id.* at 52–53. The attorney's fiduciary duty in *Genisman* involved a single distinct breach—for allegedly failing to disclose contract changes between an initial and final draft—rather than an ongoing duty involving a series of breaches over time. In this case, the alleged failure to collect rent involves a series of alleged violations for failure with each uncollected payment. Appellee's additional authority fails to persuade the Court because those cases involve distinct breaches of duties rather than ongoing duties with many breaches as is alleged here. *See Spellis v. Lawn,* 200 Cal. App. 3d 1075, 246 Cal. Rptr. 385 (Ct. App. 1988), *reh'g denied and opinion modified* (May 23, 1988) (finding the statute of limitations began tolling when the defendant father disappeared, failed to pay child support payments, and left his ex-wife and children without a reasonable expectation of future payment).

Fourth, Appellee's argument that Appellants are barred by the doctrine of laches fails at this stage of the litigation. Application of laches is often not appropriate at the summary judgment stage making application here, at the motion to dismiss stage, inappropriate as well. *See Foster v. Metro. Life. Ins. Co.*, 243 F. App'x 208, 210 (9th Cir. 2007) ("'[b]ecause the application of laches depends on a close evaluation of all the particular facts in a case, it is seldom susceptible of resolution by summary judgment.'"). Appellee cites one case from 1893 to support her argument but does not explain how the general rule of laches articulated in the case applies to the present situation or how Appellants engaged in "unreasonable

delay." (RB at 28); *see also Chapman v. Bank of California,* 97 Cal. 155, 159 (1893).

### 3. Appellants Pled Sufficient Evidence Under a Rule 12(b)(6) Standard to Show that their Claim Arising from the Alleged Waste to Real Property did not Arise Before Spring 2019.

In their Complaint, Appellants pled that they perceived their injury when they learned of the deterioration of the Varna Residence in spring of 2019 when they saw the Debtor's reference to "deferred maintenance." (OB at 39; AE at 81). Appellee argues the Bankruptcy Court was correct to apply the statute of limitations because Appellants' claims accrued on the date Appellants were put on notice that she neither intended to administer the Real Properties nor take action as to their management—namely on June 21, 2011, with the Initial RND. (RB at 18). As noted in the above section, Appellee does not cite authority explaining how an initial unapproved RND is sufficient to put Appellants on notice.

Appellants argue the discovery rule, which "postpones [the] accrual of a cause of action until the plaintiff discovers, or has reason to discover, the cause of action", should apply. *Aryeh,* 55 Cal. 4th at 1992; *see Norgart v. Upjohn Co.***,** 21 Cal. 4th 383, 397, 87 Cal. Rptr. 2d 453 (1999). Both parties agree that "[i]t is the perception of harm that triggers the discovery rule. '[P]laintiffs are required to conduct a reasonable investigation after becoming aware of an injury, and are charged with knowledge of the information that would have been revealed by such an investigation.'" (OB at 36–37 (quoting *Fox v. Ethicon Endo-Surgery, Inc.*, 35 Cal.4th 797, 808, 27 Cal. Rptr. 3d 661 (2005); RB at 18).

Appellants argue that they had no capacity to investigate the Varna Property for any waste as the property entered the bankruptcy estate and "[t]he Trustee is the sole representative of the bankruptcy estate." *In re Zavala*, 444 B.R. 181, 189 (Bankr. E.D. Cal. 2011). Appellants further argue that the fiduciary relationship complicates the discovery rule because "[w]here a fiduciary relationship exists, facts

14

which ordinarily require investigation may not incite suspicion [citation] and do not give rise to a duty of inquiry [citation]." *See Nishiuchi*, 2015 WL 3542354, at *7 (quoting *Hobbs v. Bateman Eichler, Hill Richards, Inc.*, 164 Cal.App.3d 174, 201–02, 210 Cal. Rptr. 387 (1985)) (alterations in original). Based on the pleadings, Appellants allege that they conducted sufficient investigation of the Varna Property through reading documents where Debtor discussed the state of the property. (AE at 29). After learning of "deferred maintenance," Appellants then informed Appellee of the alleged waste, indicating spring 2019 was the point of discovery. Based on the pleadings, Appellants did not become aware of the alleged waste until May 6, 2019. (AE at 29).

Nonetheless, "[a] claim may be dismissed under Rule 12(b)(6) on the ground that it is barred by the applicable statute of limitations only when 'the running of the statute is apparent on the face of the complaint." *Von Saher*, 592 F.3d at 969. Appellee, however, fails to point to an earlier, time-barred discovery of waste and relies on the 2011 RND as the point of notice. This is an inaccurate reading of the law that is contrary to the general rule that the statute of limitations begins to run at the point of accrual where all elements of the claim—wrongdoing, harm, and causation — have come into existence. *Aryeh*, 55 Cal. 4th at 1191. Appellee does not explain how all the elements of the claim either existed or were known earlier than the pleaded date of May 6, 2019. Because, as pleaded, the facts do not suggest Appellants were aware of any waste that would be barred by the statute of limitations, i.e., prior to February 17, 2018 (the date four years prior to the filing of the Complaint), the running of the statute if not apparent "on its face." *Von Saher*, 592 F.3d at 969.

Appellants have adequately pleaded their first claim and Appellee fails to show it is barred by the applicable statute of limitations.

///

///

15

## B. **Quasi-Judicial Immunity**

The Ninth Circuit affords quasi-judicial immunity to bankruptcy trustees when they are "exercising judgments while performing acts closely related to the judicial process." *Burton v. Infinity Cap. Mgmt.*, 862 F.3d 740, 748 (9th Cir. 2017) (citing *In re Castillo*, 297 F.3d 940, 946–47 (9th Cir. 2002)). While immunity covers claims pertaining to "ordinary negligence," it does not extend to "claims involving gross negligence or willful misconduct." *Shoemaker v. Siegel*, No. 1:17-BK-015182, 2017 WL 3671154, at *4 (C.D. Cal. Aug. 25, 2017), *aff'd sub nom. In re Shoemaker*, 749 F. App'x 565 (9th Cir. 2019) (citing *In re Cont'l Coin Corp.*, 380 B.R. 1, 11–15 (Bankr. C.D. Cal. 2007)). "California courts define gross negligence 'as either a want of even scant care or an extreme departure from the ordinary standard of conduct.'" *Id.* (citing *City of Santa Barbara v. Superior Ct.*, 41 Cal. 4th 747, 754, 62 Cal.Rptr.3d 527 (2007)).

This Court agrees with the Bankruptcy Court that Appellants' allegations in the Complaint identify Appellee's discretionary acts and decisions to refrain from taking actions, but have not adequately pled "a want of even scant care or an extreme departure from the ordinary standard of conduct." *City of Santa Barbara*, 41 Cal. 4th at 754 (internal quotations omitted).

///
///
///
///
///
///
///
///
///
///

16

1  **V.    CONCLUSION**

2          Although Appellants' claim for relief for breach of fiduciary duty is not time-

3  barred, Appellee is entitled to quasi-judicial immunity.  Accordingly, the Dismissal

4  Order is **AFFIRMED *in part* and REVERSED *in part***.  The case is **REMANDED**

5  to determine whether amending the Complaint would be futile.

6

7          **IT IS SO ORDERED.**

8

9  Dated:  January 25, 2024                    _____

10                                             MICHAEL W. FITZGERALD
                                               United States District Judge
11  cc:  USBC

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT    2**

CLOSED

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

IN RE: KEVAN HARRY GILMAN

CASE NO. CV 22-4450-MWF

ORDER DENYING APPELLANTS'
MOTION FOR REHEARING

Before the Court is a motion for rehearing (the "Motion") filed on February 16, 2024, by Appellants Tammy Phillips and Tammy R. Phillips, a Prof. Law Corp. (Docket No. 43).  Appellant requests reconsideration of this Court's Order dated January 25, 2024, affirming in part, reversing in part, and remanding the Bankruptcy Court's Order (the "Dismissal Order") granting the motion to dismiss Appellant's complaint in the Bankruptcy Court.  ("January 25th Order" (Docket No. 38)).

Pursuant to Federal Rule of Bankruptcy Procedure 8022(a)(2), oral argument is not permitted on a motion for rehearing.  Similarly, "[u]nless the district court . . . requests, no response to a motion for rehearing is permitted."  Fed. R. Bankr. P. 8022(a)(3).

Having considered the Motion and for the reasons set forth below, the Motion is **DENIED**.

I.    **BACKGROUND**

The January 25th Order contains a complete and accurate recitation of the factual and procedural history underlying Appellants' Motion.  This Order

incorporates by reference the background in the January 25th Order as set forth therein.

On February 17, 2022, Appellants filed a complaint (the "Complaint") against Appellee related to Appellants' alleged real property judgment liens attached to the Real Properties.  Appellants alleged that Appellee breached her fiduciary duty by (1) allowing deterioration of the Real Properties; and (2) failing to collect rents she was obligated to collect.

On April 20, 2022, Appellee moved to dismiss the Complaint, arguing, among other things, that Appellants' claims were time-barred because they began to accrue when Appellants were put on notice of Appellee's intention not to administer estate assets by the Appellee's Chapter 7 Trustee's Report of No Distribution and again following Appellee's inaction in response to Appellants' 2016 letter informing Appellee that Debtor's wife had taken rent by leasing the Corbin Office.

On June 9, 2022, the Bankruptcy Court entered the Dismissal Order, granting the motion to dismiss and dismissing the Complaint with prejudice.  The Dismissal Order ruled that (1) the claim for relief for breach of fiduciary duty was time-barred pursuant to California Code of Civil Procedure section 343; (2) Appellee has quasi-judicial immunity for any negligence with respect to her identified discretionary acts (and decisions to refrain from taking action); and (3) Appellants had not adequately pled in their Complaint that the Appellee committed acts of gross negligence. (Docket No. 12-1 at 202–03).  Appellants appealed the Bankruptcy Court's decision. (Docket No. 1).

In its January 25th Order, the Court determined that the claim for relief for breach of fiduciary duty was not time-barred as a matter of law based on the Complaint, but that Appellee was entitled to quasi-judicial immunity.  (Docket No. 38 at 17).  The case was then remanded to determine whether amending the Complaint would be futile.  (*Id*.).

**II.    LEGAL STANDARD**

Federal Rule of Bankruptcy Procedure 8022(a)(2) provides, "[t]he motion [for rehearing] must state with particularity each point of law or fact that the movant believes the district court . . . has overlooked or misapprehended and must argue in support of the motion."  "Petitions for rehearing are designed to ensure that the appellate court properly considered all relevant information in rendering its decision."  *In re Hessco Indus., Inc.*, 295 B.R. 372, 375 (B.A.P. 9th Cir. 2003) (citing *Armster v. U.S. District Court, C.D. Cal.*, 806 F.2d 1347, 1356 (9th Cir. 1986)).

**III.    DISCUSSION**

The Motion argues that (1) no amendment is necessary because the Complaint properly alleges gross negligence, (Motion at 4); (2) the Bankruptcy Court's determination of quasi-judicial immunity was incorrect, (Motion at 4–8); and (3) the Appellants' motion to transfer (Docket No. 36) was unopposed and therefore the Court should provide for remand to another division.  (Motion at 10).

The Motion is denied for these reasons:

**First**, the Court did not overlook or misapprehend the Complaint in determining that Appellants had not *adequately* pled "a want of even scant care or an extreme departure from the ordinary standard of conduct," which amounts to gross negligence.  *City of Santa Barbara*, 41 Cal. 4th at 754 (internal quotations omitted).

**Second**, "[a] petition for rehearing is not a means by which to reargue a party's case."  *In re Hessco Indus., Inc.* (citing *Anderson v. Knox*, 300 F.2d 296, 297 (9th Cir. 1962)).  Appellants are attempting to reargue that the Bankruptcy Court's determination of quasi-judicial immunity was incorrect.

**Third**, in regard to Appellants' motion to transfer (Docket No. 36) that was filed on October 31, 2023, the same day as the hearing on the appeal, the Court made it clear at the hearing that it would only require Appellee to respond to that motion if the Court was considering granting the motion – which the Court was not inclined to do. When the Court ordered a remand in its January 25th Order, the Court was clearly denying the motion to transfer.

It is true that, in rare circumstances, the district court is "permitted under 28 U.S.C. § 2106 to reassign cases on remand." *Folex Golf Indus., Inc. v. O-TA Precision Indus. Co.*, 700 F. App'x 738, 739 (9th Cir. 2017) (quoting *United Nat'l Ins. Co. v. R & D Latex Corp.*, 242 F.3d 1102, 1118 (9th Cir. 2001)). In deciding whether reassignment is appropriate, a court makes two inquiries. The first is whether the lower court has "exhibited personal bias requiring recusal from a case." *United Nat. Ins. Co. v. R&D Latex Corp.*, 242 F.3d 1102, 1118 (9th Cir. 2001) (citing *United States v. Sears, Roebuck & Co.*, 785 F.2d 777, 779–80 (9th Cir.1986)). There is no suggestion whatsoever of personal bias here.

Absent a showing of personal bias, the second inquiry is whether "unusual circumstances" warrant reassignment. *Id.* (quoting *Sears, Roebuck & Co.*, 785 F.2d 777 at 780). The factors for determining "unusual circumstances" include the following:

> (1) whether the original judge would reasonably be expected upon remand to have substantial difficulty in putting out of his or her mind previously expressed views or findings determined to be erroneous or based on evidence that must be rejected, (2) whether reassignment is advisable to preserve the appearance of justice, and (3) whether reassignment would entail waste and duplication out of proportion to any gain in preserving the appearance of fairness.

*R&D Latex Corp.*, 242 F.3d 1118–19.

///

4

Appellants argue that reassignment is advisable to preserve the appearance of justice. (Motion to Transfer at 7–9). Here, this Court saw no unusual circumstances whatsoever in the record. Not one of the factors is even suggested, let alone demonstrated. Therefore, the Court denied the transfer motion.

Accordingly, the Motion is **DENIED**.

IT IS SO ORDERED.

DATED: March 6, 2024.

MICHAEL W. FITZGERALD
United States District Judge

CC: Bankruptcy Court

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is: 7144 Fair Oaks Blvd. Suite 3A Carmichael, CA  95608.  A true and correct copy of the foregoing document entitled (specify): **NOTICE OF APPEAL TO THE UNITED STATES COURT OF APPEAL FOR THE NINTH CIRCUIT** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):**   On April 4, 2024, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Michael Wilk          michael.wilk@lewisbrisbois.com
Maria Garcia          Maria.L.Garcia@lewisbrisbois.com
Charles Q Jakob       charles.jakob@gmail.com

☐ Service information continued on attached page

2. **SERVED BY U.S. MAIL:**
On April 4, 2024, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Chambers of the Honorable Michael W. Fitzgerald, First Street Courthouse, 350 W. 1st Street, Courtroom 5A, Los Angeles, CA  90012

☐ Service information continued on attached page

3. **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (date) on January 9, 2023, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed. Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| April 4, 2024 | Charles Q. Jakob | /s/ Charles Q. Jakob |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                        **F 9013-3.1.PROOF.SERVICE**